# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

TONG LI,

                                        Petitioner,

        v.

KRISTI NOEM, *et al.*,

                                        Respondents.

Case No. 26-cv-00945-BAS-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Tong Li filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming she was improperly re-detained without notice. (ECF No. 1.) She requests that she be released forthwith on the same conditions as she was previously released. (*Id.*) She simultaneously filed a Motion for a Temporary Restraining Order ("TRO") requesting the same relief. (ECF No. 2.)

The Government responded to the Petition, agreeing with Petitioner and acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."

- 1 -

26cv0945

(ECF No. 8.)  Petitioner filed a Traverse pointing out that no bond hearing is necessary because Petitioner was already released prior to her illegal re-detention.  (ECF No. 9.)

For the reasons stated below, the Court **GRANTS** the Petition (ECF No. 1) and orders that Petitioner be released forthwith on the same terms and conditions as she was previously released.  In light of this order, the Court finds the Motion for a TRO (ECF No. 2) is **MOOT**.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

**II.    STATEMENT OF FACTS**

Petitioner, a citizen of China, entered the United States on June 6, 2024, seeking asylum.  (ECF No. 1 ¶¶ 2, 16.)  The Department of Homeland Security ("DHS") released Petitioner on her own recognizance with a Notice to Appear.  (*Id.*)  She was issued an employment authorization document and a social security number.  (*Id.* ¶ 18.)  She has attended all her court hearings and check-ins.  (*Id.*)

On July 1, 2025, while attending a scheduled court hearing, DHS re-detained Petitioner.  (*Id.* ¶ 2.)  She was not given notice or information as to why she was re-detained.  (*Id.* ¶ 21.)  An Immigration Judge indicated he lacked jurisdiction to consider her for bond pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.*)  Petitioner requests that she be released forthwith on the same terms and conditions as she was previously released.  (*Id.*)

26cv0945

## III.   ANALYSIS

The Central District of California has certified a class and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition. And because DHS already considered whether Petitioner was a flight risk or a danger to the community and concluded she could be safely released, the Court finds no additional bond hearing is necessary.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Tong Li (A# 226-089-650) be released from immigration custody forthwith on the same terms and conditions as she was previously released on June 8, 2024.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 2, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv0945